DECISION
Relator, Patricia E. Blanton, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that denied payment for medical care and to issue an order authorizing payment for submitted medical bills.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision.
In her objections, relator argues that the magistrate erred in concluding that the report of Dr. Flerchinger was not some evidence on which the commission could rely to order payment of her medical bills and that there was no medical evidence to support the conclusion that a 1999 incident at relator's home was an intervening cause. Relator also objected to the magistrate's factual statement on page six of the decision that relator had two herniated discs.
In his patient notes dated February 1, 1999, Dr. Flerchinger stated, in part: "Sat. bent over to get slippers. LB gave out." In a letter dated March 30, 1999, Dr. Flerchinger stated:
 DISCUSSION: Due to the fact that this individual has not had other known traumas or accidents know [sic] to me, I believe, with reasonable medical certainty, that the low back pain which occurred on January 30th is in fact, a re-aggravation of the original injury which occurred on 5-17-98. Factors predisposing this are: 1) No prior history of low back pain, 2) incompletion of care initiated in May of 1998, 3) As a complicating factor, disc degeneration at L4-L5, L5-S1 and osteoarthritis.
In State ex rel. Stover v. Indus. Comm (2001), Franklin App. No. 00AP-652, this court adopted a magistrate's decision that stated:
 * * * If medical evidence is a prerequisite to the establishment of a causal relationship between the industrial injury and disability, it follows that medical evidence is a prerequisite to the disestablishment of the causal relationship due to an alleged intervening nonindustrial injury.
Dr. Flerchinger's office notes simply state that relator bent over and her back gave out. Most telling is that the box marked previous history of similar complaints is left blank, despite the fact that relator saw Dr. Flerchinger twice in 1998, when her back was injured at work. Thus, we find that this statement in Dr. Flerchinger's patient history notes is some evidence that her injury was due to an intervening non-industrial accident. While the 1999 letter refers to the re-aggravation of a previous injury, it also refers to other non-allowed conditions and does not relate the 1999 injury solely to the allowed condition of relator's claim. State ex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452. Thus, we find that relator's objections to the magistrate's conclusions of law are not well-taken.
Upon a review of the magistrate's decision, we find that relator is correct that Dr. Flerchinger found relator had disc degeneration at L4-L5 and did not suffer from a herniated disc. Relator's objection to this factual statement by the magistrate is well-taken. We also note that Finding of Fact No. 2 is incorrect, in that relator consulted Dr. Flerchinger on May 21, 1998, not 1999.
Therefore, this court adopts the magistrate's findings of fact as corrected above, and adopts the magistrate's conclusions of law. Relator's objections to the magistrate's decision are sustained in part and overruled in part, and the requested writ of mandamus is denied.
Objections sustained in part and overruled in part, writ of mandamus denied.
LAZARUS, J., concurs.
BROWN, J., dissents.